UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DAN FLORES,

    Petitioner,

v.                                                                                                      Civ. No. 20-1028 JCH/GJF

ROBIN BOURNE, Warden,
JOHN SANCHEZ, Deputy Warden, and
STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court[1] on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 [ECF No. 1], Respondents' Answer [ECF No. 9], and Petitioner's Reply [ECF No. 12]. Having reviewed the briefing, relevant law, and otherwise being fully advised, this Court recommends the Petition be **DENIED** for the reasons that follow.

### I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On January 4, 2016, a Criminal Information filed in New Mexico's 4th Judicial District Court charged Petitioner with two counts of Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13). Petitioner retained Marc Grano, Esq., to represent him. After discovery, pretrial litigation, and four previous trial continuances, the district court scheduled a jury trial to begin May 2, 2017.

During the pretrial period, the State extended two plea offers to Petitioner via his counsel. *See* Answer, Exs. B-C. Very early on – indeed, only two months after charges were filed – the

---

[1] Senior U.S. District Judge Judith C. Herrera referred this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of the case. *See* ECF No. 10. Although Petitioner requested an evidentiary hearing, *see* Pet. at 10, he has not identified any evidence to be propounded at such a hearing. Consequently, this Court concludes that no evidentiary hearing is required or permitted. *See* 28 U.S.C. § 2254(e)(2).

State offered Petitioner a plea in which he could plead guilty or no contest to both charges and sentencing would be left solely to the trial court's discretion. Answer, Ex. B. Petitioner did not accept the offer. The second offer – which forms the gravamen of Petitioner's request for habeas corpus relief – occurred approximately seven weeks before trial. Answer, Ex. C. Substantially more attractive than its predecessor, this offer would have required Petitioner to plead guilty or no contest only to Count 1 with a sentence of eighteen months of probation. *Id.* The parties further would have agreed that the trial court would decide whether to defer the adjudication or grant a conditional discharge upon Petitioner's successful completion of the probationary term. *Id.* By its terms, this offer required acceptance not later than March 31, 2017, and warned that there would be "no subsequent plea negotiations." *Id.* Petitioner did not accept the second offer either, despite its guarantee of probation and the possibility that the conviction would be rendered a virtual legal nullity.[2]

The jury trial commenced on May 2, 2017, and the jury convicted Petitioner of both counts the following day. On September 28, 2017, the trial court sentenced Petitioner to imprisonment for six years as to each of the counts but suspended the sentence for Count 2. Answer, Ex. A at 2. The sentence also included parole for a term of five years to life and registration as a sex offender. *Id.* at 2-3. The trial court filed the Judgment and Commitment on October 11, 2017. *Id.* at 1.

Petitioner thereafter timely filed a notice of appeal. Answer, Ex. G. Prior to filing his opening brief, however, Petitioner (through counsel) moved to dismiss his appeal. Answer, Ex. M. On February 7, 2018, the New Mexico Court of Appeals granted the motion and dismissed the appeal. Answer, Exs. H, M. Petitioner sought no further direct review of his conviction or

---

[2] Both offers advised that the charged offenses potentially exposed Petitioner to six years in prison. Answer, Exs. B-C.

sentence.

Three months after abandoning the direct appeal route but still represented by the same appellate counsel, Petitioner sought habeas corpus relief from the state district court. Answer, Ex. D. Petitioner advanced the same ground for relief that he has advanced in the instant Petition: that his trial counsel's failure to explain to him the second plea offer deprived Petitioner of the effective assistance of counsel guaranteed by the Sixth Amendment. Petitioner contended before the state court, as he does here, that had his counsel adequately explained the second offer to him, he would have accepted it and not taken his chances at trial. *Id.* at 5, 10. After the petition was fully briefed and Petitioner had obtained new counsel, the state court held an evidentiary hearing at which Petitioner and his trial counsel testified. On May 29, 2019, the court filed an order denying the petition. Answer, Ex. F. Petitioner sought review of that decision by the New Mexico Supreme Court, but that court denied *certiorari* on August 20, 2019. Answer, Ex. N.

Petitioner alleges that he retained Cristin Kennedy, Esq., on October 9, 2019, for the purpose of seeking habeas relief in this Court. *See* Pet. at 5. Petitioner asserts that Attorney Kennedy advised him that the deadline for doing so was August 20, 2020 – precisely one year after the state supreme court issued its denial of review. *Id.* Petitioner contends that Attorney Kennedy died on the morning of August 20th without having filed his federal habeas petition. *Id.* Petitioner retained new federal habeas counsel on September 1, 2020. *Id.* This Petition followed on October 7, 2020. *See* ECF 1.

II.   **PARTIES' ARGUMENTS**

As mentioned above, Petitioner advances a singular ground for relief: that his trial counsel rendered constitutionally ineffective assistance by failing to adequately explain the State's second (and final) plea offer. Petitioner insists that had he been fully informed about what the plea offer

3

meant, he would have accepted it, pled no contest, avoided prison altogether, and retained the right to ask the trial court for a conditional discharge. Pet., *passim*. Petitioner argues that the state trial court unreasonably applied controlling federal law in denying his habeas petition. Pet. at 6. Petitioner requests that this Court vacate his convictions and require the State to re-extend the final plea offer. Pet. at 8.[3]

In response, the State contends first that the Petition is inexcusably late, filed well after the statutory deadline. Answer at 4-6. Because in its view the deadline expired some three months *before* Attorney Kennedy's death, the State further asserts that the doctrine of equitable tolling should not operate to excuse the missed deadline. *Id*. at 6-8. On the merits of Petitioner's Sixth Amendment claim, the State urges this Court to deny relief by concluding that the state trial court did not unreasonably apply controlling federal law. *Id.* at 8-11.

In reply, Petitioner modifies his equitable tolling argument to include a claim that Attorney Kennedy's representation prior to her death was so deficient and egregious as to constitute "misconduct." Reply at 2. Petitioner attached to the Reply an electronic mail exchange between Attorney Kennedy and Petitioner's mother that occurred between August 3-14, 2020, in which Attorney Kennedy reiterated that August 20th was the deadline to file the federal habeas petition. Reply, Ex. 1. Petitioner argues that he does not have training in the law, relied in good faith on Attorney Kennedy to comply with any applicable deadline, and should be absolved of any error

---

[3] Anticipating a claim that the Petition was filed after the statutory deadline, Petitioner asserts that the time between Attorney Kennedy's death and the filing of the Petition should be equitably tolled. Pet. at 4-6. The Petition is silent, however, on the possibility that the statutory deadline had expired well *before* counsel's death.

on her part in failing to do so.  Reply at 2-3.

### III.   LIMITATION PERIOD AND STATUTORY TOLLING:  ANALYSIS

Title 28, United States Code, Section 2244(d)(1) dictates the deadline by which habeas corpus petitions under § 2254 must be filed.  As relevant to this case, § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1).

Here, the judgment "became final" on February 7, 2018, when the New Mexico Court of Appeals granted his counsel's Motion to Dismiss the Appeal.  *See* Answer, Ex. H.  By affirmatively withdrawing his direct appeal rather than waiting for the court of appeals to decide it, Petitioner (1) effectively terminated his ability to seek direct review of his conviction, (2) rendered his judgment final under § 2244(d)(1)(A), and (3) started the one-year limitation clock.[4]

Section 2244 includes a tolling provision that stops the one-year clock for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2).  Consequently, Petitioner stopped the clock on May 7, 2018, when he filed his Petition for a Writ of Habeas Corpus in the state trial court.  *See* Answer, Ex. D.  By that time, the limitation clock had been running from

---

[4] The State suggests the possibility that Petitioner's conviction did not become "final" under § 2244(d)(1)(A) until thirty days after the court of appeals' dismissal of the direct appeal.  *See* Answer at 5.  Under NMRA 12-502, a party has thirty days to seek review of a court of appeals decision by petitioning for a writ of certiorari to the New Mexico Supreme Court.  The State's suggestion finds some traction in *Gonzales v. Thaler*, 565 U.S. 134, 150 (2012), which held that – in cases in which state prisoners do not appeal to the state's highest court – their judgments become final under § 2244(d)(1)(A) when their time for seeking such review has expired.  In the instant case, however, this Court concludes that additional days should *not* be granted because Petitioner affirmatively withdrew his appeal by moving to dismiss it.  In this Court's view, there were no other avenues available to Petitioner on direct review once he received the relief he specifically requested.  Ultimately, whether Petitioner could have sought certiorari review of the dismissal of an appeal that Petitioner *himself* requested is a question this Court need not decide.  The Court agrees with the State that the instant Petition was filed well after the deadline regardless whether the one-year clock began running on February 8, 2018, or thirty days later, which would have been March 10, 2018.

February 8, a period of 88 days.  After the trial court denied the petition, Petitioner sought review by the New Mexico Supreme Court.  *See* Answer, Ex. I.  When that court denied certiorari on August 20, 2019, *see* Answer, Ex. K, the statutory tolling period ended and the one-year clock resumed its countdown with 277 days to go.  Under operation of federal law, the end of the one-year limitation period became May 23, 2020.[5]

In his Petition and later in his Reply, Petitioner urges the Court to focus on the significance of August 20, 2020, for that is the day on which Attorney Kennedy believed Petitioner's federal habeas petition was due *and* the day on which she unexpectedly died.  Petitioner contends that these circumstances were entirely out of his control and he should therefore benefit from the doctrine of equitable tolling to excuse from the one-year limitation period the days between August 20, 2020, and October 7, 2020, the date on which his new counsel filed the instant Petition.  In effect, Petitioner is seeking the Court's permission to have his Petition "relate back" to August 20, 2020.

Appearing nowhere in Petitioner's briefing, however, is any discussion of May 23, 2020 – the date on which the one-year clock under § 2244(d)(1)(A) actually expired.  Although Petitioner has proffered an e-mail exchange between his mother and Attorney Kennedy, *see* Reply, Ex. 1, the Court notes that exchange occurred between August 3-14, 2020, more than two months *after* the limitation period ended.

## IV.   EQUITABLE TOLLING:  ANALYSIS

The only legal doctrine that theoretically offers Petitioner any relief from the dismissal

---

[5] This date becomes June 22, 2020, if the Court takes into account the possibility that Petitioner might have been able to seek certiorari from the New Mexico Supreme Court after successfully moving to dismiss his direct appeal.  Even that interpretation offers Petitioner no relief, however, for it yields the conclusion that the August 20th target date affixed by Attorney Kennedy was still 58 days late.

otherwise required by failing to comply with the limitations period is equitable tolling.  In his reply brief, Petitioner invokes that doctrine by implying that Attorney Kennedy's representation of him prior to her death was so deficient and egregious as to constitute "misconduct."  Reply at 2.  To support such a bold claim, however, Petitioner points only to Attorney Kennedy advising and continually re-advising Petitioner and his mother that the filing deadline was August 20, 2020. *Id.* at 2-3.  Petitioner even concedes that the August 20th deadline was erroneous: "The fact that Ms. Kennedy did not alert [Petitioner] of the *correct filing date*, despite having been retained on the matter for almost one year, was certainly beyond [Petitioner's] control." *Id.* at 3 (emphasis added).  Petitioner argues that he does not have training in the law, relied in good faith on Attorney Kennedy to comply with any applicable deadline, and should be absolved of any error on her part in failing to do so.  Reply at 2-3.

To obtain equitable tolling based on attorney misconduct, the attorney's actions must be "[p]articularly egregious, ... such as repeated, *deceitful* assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010) (unpublished) (emphasis added) (citing *Fleming v. Evans,* 481 F.3d 1249, 1255-56 (10th Cir. 2007)); *see also Montoya v. Milyard,* 342 F. Appx. 430, 432 (10th Cir. 2009) (unpublished) (explaining that equitable tolling is available only where an attorney "affirmatively misled his client").  To obtain relief, a petitioner must demonstrate an attorney's conduct constitutes "far more than ... 'excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 651-52 (2010).  "[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.*[6]  In other words, mere negligence by counsel is generally not a basis for

---

[6] Additional guidance from other circuits emphasizes how egregious the attorney misconduct must be to justify equitable tolling. *See, e.g., United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (concluding that habeas counsel's affirmative misrepresentations, failure to communicate with habeas client, and failure to return client's papers constitute egregious misconduct that may be basis for equitable tolling); *Spitsyn v. Moore,* 345 F.3d 796, 801

equitable tolling. *See Fleming*, 481 F.3d at 1255-56. Indeed, "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Id.*

The United States Supreme Court has squarely rejected the argument that a habeas attorney's miscalculating of a limitations period entitles a petitioner to equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007) ("If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. *Attorney miscalculation is simply not sufficient to warrant equitable tolling,* particularly in the postconviction context where prisoners have no constitutional right to counsel." (emphasis added)).

For its part, the Tenth Circuit has repeatedly refused to apply equitable tolling where, as here, habeas counsel negligently misapprehended the requirements of 28 U.S.C. §§ 2244 and 2254. *See Fleming*, 481 F.3d at 1256 (citing cases for the proposition that equitable tolling is not available based on "attorney error, miscalculation, inadequate research," or "a mistake by a party's counsel in interpreting a statute of limitations") (quotations omitted); *Jones v. Romero*, 835 Fed. Appx. 973, 978 (10th Cir. 2020) (unpublished) (declining to apply equitable tolling where petitioner "received improper advice [regarding the statute of limitations] within AEDPA's one-year window"); *Chavez v. Franco*, 794 Fed. Appx. 741, 745 (10th Cir. 2019) (unpublished) (finding no extraordinary circumstance to justify tolling where "state post-conviction counsel was ineffective for failing to assert all of the claims in a timely fashion in the New Mexico state courts"); *Mullins v. Allbaugh*, 663 Fed. Appx. 628, 632 (10th Cir. 2016) (unpublished) (declining to apply equitable

---

(9th Cir. 2003) (holding that attorney's misconduct in failing to file habeas petition and refusing to return client file constitutes egregious misconduct that may justify equitable tolling); *Baldayaque v. United States,* 338 F.3d 145, 152 (2d Cir. 2003) (reasoning that egregious misconduct on the part of petitioner's counsel, including failure to file § 2255 petition as requested by client, failure to conduct research on client's case, and failure to communicate with client, may justify equitable tolling); *Brown v. Shannon,* 322 F.3d 768, 773–74 (3d Cir. 2003) (acknowledging that an attorney's affirmative lies to petitioner may be grounds for equitable tolling); *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002) (same).

8

tolling where petitioner went "through at least five lawyers, one of whom sat on the case for many years and was eventually disbarred"); *Phillips v. Addison*, 448 Fed. Appx. 817, 819 (10th Cir. 2011) (unpublished) ("Unacceptable though attorney Monroe's mistake may be, it is a negligent miscalculation of the sort that our precedents deem unworthy of equitable tolling.  Unlike the unscrupulous attorney in *Fleming* who intentionally deceived his client into believing he was filing a petition, Monroe simply provided incorrect advice."); *Montoya v. Milyard*, 342 Fed. Appx. 430, 432 (10th Cir. 2009) (unpublished) (The failure to "notify [petitioner] of the statute of limitations" constitutes ordinary negligence and is not grounds for tolling); *Reynolds v. Hines*, 55 Fed. Appx. 512, 513 (10th Cir. 2003) (unpublished) (affirming district court's "reject[ion][of] Reynolds' request that the limitations period be equitably tolled" noting "Reynolds' attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstance entitling Reynolds to equitable tolling"); *see also Cordova v. Martinez*, 2021 WL 2156461 (D.N.M. May 27, 2021) (unpublished) (refusing to apply equitable tolling based on habeas counsel's miscalculation of, and inadequate research on, the statute of limitations).

Other circuits align with ours on the principle that negligence by habeas counsel does not give rise to equitable tolling.  "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote,* 322 F.3d 965, 968 (7th Cir. 2003); *see also Merritt v. Blaine,* 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" (quotation omitted)); *Rouse v. Lee,* 339 F.3d 238, 248 (4th Cir. 2003) ("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where

equity should step in to give the party the benefit of his erroneous understanding." (quotation omitted)); *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling].").

Applying the foregoing legal authorities to the facts here, this Court readily concludes that there is no evidence whatsoever that Attorney Kennedy's mistake in calculating the filing deadline was borne of anything other than negligence. The filing date that she targeted all along was August 20, 2020, exactly one year after the New Mexico Supreme Court denied the petition for writ of certiorari. Attorney Kennedy was the *fourth* attorney to represent Petitioner in this case (following on the heels of Marc Grano, Esq., Zachary Ives, Esq., and the team of Ryan Villa and Richelle Anderson, Esqs) and was retained several weeks after the state supreme court denied review. With the benefit of hindsight, it is easy to see how Attorney Kennedy could have inadvertently failed to account for the time the one-year limitations clock ran *before* the filing of the state habeas petition. After all, she was not involved in Petitioner's case when that time was running. But no matter how earnest or well-intentioned, Attorney Kennedy's calculation of the filing deadline was contrary to law for it omitted consideration of the 88 days that had lapsed between the date on which Petitioner's judgment became final (February 7, 2018) and the date on which he stopped the clock by filing the state habeas petition (May 7, 2018).

Although Petitioner intimates that Attorney Kennedy was guilty of egregious misconduct, Reply at 2, there is nothing to support such an accusation. Unlike the facts in *Fleming*, Petitioner here makes no argument that his attorney intentionally or maliciously deceived him or his mother, abandoned his case, or secretly knew that the limitation period had expired months before. Instead,

Attorney Kennedy's conduct here falls short – far short – of the egregious misconduct that could justify equitable tolling.

Because the deadline under § 2241(d)(1) expired May 23, 2020 (or June 22, 2020, at the very latest), it is not necessary for the Court to consider or decide the legal significance of Attorney Kennedy's failure to file the federal habeas petition on August 20th.  Furthermore, because of its conclusion that the Petition is time-barred, the Court does not address the merits of Petitioner's claim that the state habeas court unreasonably applied federal law in evaluating whether Petitioner's trial counsel provided ineffective assistance during plea negotiations.

## V.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the presiding judge conclude that the Petition for Writ of Habeas Corpus is barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A). The Court **FURTHER RECOMMENDS** that the Petition be **DENIED** and this case **DISMISSED WITH PREJUDICE**. The Court **FINALLY RECOMMENDS** that no certificate of appealability be granted.

**IT IS SO RECOMMENDED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**