IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAN FLORES,

       Petitioner,

v.                                                                                    Civ. No. 20-1028 JCH/GJF

ROBIN BOURNE, Warden,
JOHN SANCHEZ, Deputy Warden, and
STATE OF NEW MEXICO,

       Respondents.

ORDER OVERRULING OBJECTIONS AND ADOPTING
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Objections to Proposed Findings and Recommended Disposition ("PFRD"). Doc. 14. Respondents timely responded to the Objections, urging this Court to overrule the objections and adopt the PFRD. Doc. 15. Having conducted a *de novo* review of the Objections, the Court overrules them, adopts the PFRD in its entirety, and denies the Petition.

I.    PFRD

On reference from the undersigned (Doc. 10), United States Magistrate Judge Gregory J. Fouratt issued his PFRD recommending that this Court deny the instant "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254" with prejudice. Doc. 13. Judge Fouratt recommended that this Court conclude that the Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1) and further conclude that Petitioner has not met his burden to show his entitlement to equitable tolling of the limitations period. Doc. 13 at 5-11.

II. PETITIONER'S OBJECTIONS TO PFRD

Petitioner objected to the PFRD on essentially a single basis:  that Judge Fouratt erred in not granting Petitioner an evidentiary hearing.  Doc. 14, *passim*.  Petitioner contends that the PFRD assumed too much about the state of mind of his original habeas counsel with respect to her computation of the limitations deadline.  *Id.* at 2.  Petitioner insists that "[a]t a minimum, the Court should order an evidentiary hearing be held to allow Petitioner to present testimony and evidence from [Petitioner], his mother, and other potential witnesses regarding [Petitioner's original habeas attorney's] representation of [Petitioner]."  *Id.*  Petitioner hypothesizes that such a hearing may demonstrate that his original habeas attorney had abandoned him or "intentionally misled him into believing she was working on his Petition."  *Id.*

Petitioner did not object to any other aspect of the PFRD, most especially including its analysis of the § 2244(d)(1) limitations period or the calculation of when that period began, was tolled, and expired.  Importantly, Petitioner did not object to the PFRD's conclusion that the limitations period under § 2244(d)(1) expired on May 23, 2020.  *See* PFRD, Doc. 13, at 6.

III. RESPONSE TO OBJECTIONS

For their part, Respondents urge this Court to overrule the objection and adopt the PFRD in its entirety.  Respondents assert that Petitioner improperly waited until his Objections to the PFRD to suggest for the first time that his original habeas attorney "(1) made 'false assurances' about his case; (2) 'may have abandoned' him; and (3) possibly 'intentionally misled him into believing she was working on his Petition.'"  Resp., Doc. 15, at 2.  Respondents contend that Petitioner's delay in making such allegations until the objections phase constitutes waiver under Tenth Circuit law.  *Id.* (citing *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)).

## IV. LEGAL STANDARDS FOR OBJECTING TO MAGISTRATE JUDGE'S REPORT

Pursuant to 28 U.S.C. § 636(b)(1)(B) (2012), a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of any case pending before the Court, including habeas cases. Where a party timely objects to the magistrate judge's proposed disposition, this Court conducts a *de novo* review of all portions of the recommendation which have been objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations." *See id.* § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). In other words, failure to make a timely and specific objection to a PFRD or any individual aspect of it waives *de novo* or appellate review.

Relatedly, a petitioner may not wait until he is objecting to a PFRD to raise for the first time allegations or claims that should have been made earlier. "[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

## V.   ANALYSIS

The PFRD detailed the procedural history of Petitioner's state court proceedings. Doc. 13 at 1-3. The PFRD also examined the application of the limitations period under § 2244(d)(1) and the statutory tolling provision in § 2244(d)(2). *Id.* at 5-6. The PFRD recommended that the Court

conclude that the limitations period expired on May 23, 2020. *Id.* at 6. As Petitioner made no objection to these aspects of the PFRD, this Court adopts the PFRD's discussion of them in full.

The Court now turns to Petitioner's objection that Judge Fouratt erred in not granting an evidentiary hearing. Petitioner argues that such a forum would have enabled him to propound evidence to support his claim that his otherwise time-barred Petition should benefit from equitable tolling. Because Petitioner waited until his Objections to advance any argument that his original habeas attorney affirmatively misled him, made false assurances about his case, never intended to file a petition at all, or possibly even abandoned his case, the Court finds that he has waived those arguments.

Furthermore, even on the merits, Petitioner's Objection is well wide of the mark. A habeas petitioner is not entitled as either a matter of law or a matter of course to an evidentiary hearing simply because he asks for one. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes, but does not require, a judge to hold an evidentiary hearing on a Petition. *See Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) ("Since 28 U.S.C. § 2244 does not require a hearing on the issue of time-bar or equitable tolling, an evidentiary hearing would be a matter of discretion.").

The Court next emphasizes that it is the petitioner who bears the burden to prove the applicability of equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Tenth Circuit has emphasized that a habeas petitioner's burden in this regard is a "strong" one. *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). This

burden no doubt is "strong" because equitable tolling is available only in rare, unusual, and exceptional circumstances and "a garden variety claim of excusable neglect is not enough." *Sigala*, 656 F.3d at 1128 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling is "'a rare remedy to be applied in unusual circumstances.'" *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d at 929).

The Court concludes that Judge Fouratt did not abuse his discretion in declining to order an evidentiary hearing. After all, Petitioner attached no affidavits or other evidence to his Petition or Reply, nor did he so much as preview the testimony that he or his other witnesses would provide. Instead, Petitioner has simply left the Court to speculate about the content of their testimony and any additional exhibits. And nowhere – either in his Petition, his Reply to Respondents' Answer, or his Objections – has Petitioner *ever* even begun to explain why he should be entitled to equitable tolling all the way back to May 23, 2020, which is the day on which the operative limitations period expired. To the contrary, Petitioner has been laser-focused on August 20, 2020, which was the date that Attorney Kennedy mistakenly advised Petitioner was the filing deadline and also the date on which she unexpectedly died.

Whether Petitioner may have been entitled to the benefit of equitable tolling beginning on August 20, 2020, however, is not material, for it is plainly obvious to the Court that he is not entitled to it for the three months *before* that date. For the reasons stated in the PFRD's thorough discussion of attorney negligence not justifying equitable tolling – which this Court fully adopts here – the Court holds that Petitioner did not carry his burden to show that equitable tolling should excuse the tardiness of his Petition from May 23-August 20, 2020. The Court further holds that Petitioner was not entitled to an evidentiary hearing on the question.

## VI. THE COURT WILL DENY A CERTIFICATE OF APPEALABILITY

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. To be entitled to a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusions that § 2244(d)(1)(A)'s one-year limitation period bars Flores's § 2254 Petition and that he did not prove his entitlement to equitable tolling for the period of May 23-August 20, 2020. The Court therefore will deny a certificate of appealability.

## VII.      CONCLUSION

For these reasons, it is ORDERED that the PFRD is ADOPTED; Petitioner's objections are OVERRULED; the Petition is DENIED; this case is DISMISSED WITH PREJUDICE; and a certificate of appealability is DENIED.

IT IS SO ORDERED.

SENIOR UNITED STATES DISTRICT JUDGE